IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                 **CAUSE NO. 1:19CR63-LG-JCG-5**

**CORDARRYL ANTONIO BETTON**

### ORDER DENYING DEFENDANT'S
### MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [271] Motion for Compassionate Release filed by the defendant, Cordarryl Antonio Betton.  The Government has filed a response in opposition to the Motion, to which Betton filed a reply.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Betton's Motion should be denied.

### DISCUSSION

On September 27, 2019, Betton pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 135 months' imprisonment, three years' supervised release, a $3,000 fine, and a special assessment of $100.  Betton is currently serving his sentence at FCI Oakdale I and is scheduled to be released on December 20, 2026.

On February 7, 2022, Betton filed the instant [271] Motion for Compassionate Release, claiming that his medical conditions—including a tumor-like growth on his brain and lungs, an auto-immune disease, gastrointestinal difficulties, an acute kidney injury, and vision and balancing disorders—coupled with FCI Oakdale's

dangerous living conditions amount to extraordinary and compelling reasons justifying release. He also notes that he has displayed great behavior and plans on working in his father's trucking company if released. The Government objects to Betton's Motion on its merits,[1] emphasizing that Betton voluntarily declined to get vaccinated against COVID-19.

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under Fifth Circuit precedent, the Court must consider whether factors, including those outside the U.S.S.G. § 1B1.13 policy statement—which proves to be a helpful guidance, *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)—constitute "extraordinary and compelling" reasons justifying a reduction in sentence. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). The Court also must consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

Here, the Court finds that Betton's concerns regarding his health do not justify release. Although the Centers for Disease Control and Prevention ("CDC") identify auto-immune disease as a potential risk factor for COVID-19, Betton's remaining health conditions are not recognized by the CDC as causing serious illness if he were to contract COVID-19. Ctrs. for Disease Control & Prevention,

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

*People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2022).  Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release.  *See Thompson*, 984 F.3d at 435.  There is currently one confirmed case at FCI Oakdale I amongst inmates.  *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 15, 2022). This Court has repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its charge.  Nonetheless, "[w]here inmates have refused the COVID-19 vaccine, courts generally denied compassionate release." *United States v. Cage*, No. 98-194, 2022 WL 718415, at *5 (E.D. La. Mar. 10, 2022) (citing *United States v. Greenlaw*, No. 1:18-cr-98-JAW-6, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021)).  Therefore, the Court finds that Betton's claims are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction.  *See* 18 U.S.C. § 3553(a).  Betton was convicted of one of the seven counts listed against him in the indictment.  He had a total offense level of 33 and a criminal history category of I. (PSR, at ¶¶ 149, at 34, ECF No. 173).  Although Betton had only a few minor charges listed against him, the Court finds that to release Betton prematurely would potentially create an unwarranted disparity "among defendants with similar records who have been found guilty of similar conduct."  *See* 18 U.S.C. § 3553(a)(6). Furthermore, requiring Betton "to serve the remainder of his sentence would

'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)(A), (B).  For all these reasons, the Court finds that a reduction in Betton's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [271] Motion for Compassionate Release filed by the defendant, Cordarryl Antonio Betton, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE